**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rivers Point Row Horizontal Property Regime a/k/a
Rivers Point Row Property Owners Association, Inc.,
Respondent,

v.

Palms Properties, LLC, Defendant.

Palms Properties, LLC, Third-Party Plaintiff,

v.

Rivers Point Row, LLC, John Derbyshire, Linda
Derbyshire, and John Hagerty, Appellants.

Appellate Case No. 2012-213155

———————

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

———————

Unpublished Opinion No. 2013-UP-458
Heard November 5, 2013 – Filed December 11, 2013

———————

**AFFIRMED**

———————

John A. Massalon and Irish Ryan Neville, of Wills, Massalon & Allen, LLC, of Charleston, for Appellants.

Michael James Buhmeyer, of Charleston, for Respondent.

**PER CURIAM:**  Respondent Rivers Point Row Horizontal Property Regime, a/k/a Rivers Point Row Property Owners Association, Inc. (the POA), filed this declaratory judgment action to determine the validity of a deed executed on behalf of Appellant Rivers Point Row, LLC (RPR).  The POA alleged the transfer was invalid because RPR had previously conveyed the subject property to the POA when RPR, as the Declarant, recorded the Master Deed creating the POA.  The pleadings were later amended to include the principals of RPR as third-party defendants along with RPR.  The matter was referred to the Charleston County Master-in-Equity, and motions for summary judgment were filed on behalf of both RPR and its principals and the POA.  Following a hearing on both summary judgment motions, the Master issued orders granting summary judgment to the POA and denying summary judgment to RPR and its principals.  In granting summary judgment to the POA, the Master held that the subject property had become a common element of the POA when the Master Deed was recorded and that once RPR lost its controlling interest pursuant to the terms of the Master Deed, RPR could no longer amend the Master Deed or resolve to do any act affecting the POA without approval of the unit owners.  RPR and its principals appeal.

We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to the right of the directors of RPR to sell the subject property to a third party: S.C. Code Ann. § 27-31-20(f)(1) (2007) (stating the term "[g]eneral common elements" includes the land on which the apartment or building stands); S.C. Code Ann. § 27-31-30 (2007) ("Whenever . . . the co-owners of property expressly declare, through the recordation of a master deed or lease . . . their desire to submit their property to the regime . . ., there shall thereby be established a horizontal property regime."); S.C. Code Ann. § 27-31-60(a) (2007) (granting a unit owner "a common right to share, with the other co-owners, in the common elements of the property, equivalent to the percentage representing the value of the individual apartment, *with relation to the value of the whole property*" (emphasis added)); *id.* (stating this percentage "shall have a permanent character, and shall

not be altered without the acquiescence of the co-owners representing all the apartments of the property"); S.C. Code Ann. § 27-31-70 (2007) ("The common elements . . . shall remain undivided and shall not be the object of an action for partition or division of the co-ownership.  Any covenant to the contrary shall be void."); S.C. Code Ann. § 27-31-100(c) (2007) (requiring the master deed to provide certain information, including "[t]he description of the general common elements of the property"); *Reyhani v. Stone Creek Cove Condo. II Horizontal Prop. Regime*, 329 S.C. 206, 211, 494 S.E.2d 465, 468 (Ct. App. 1997) ("[O]nce common elements are set aside and vested in the co-owners, such co-owners may not be unilaterally deprived of their interests in the common elements by the actions of the developer.").

2.      As to the Appellants' argument that the POA ratified the sale: *Lincoln v. Aetna Cas. & Sur. Co.*, 300 S.C. 188, 191, 386 S.E.2d 801, 803 (Ct. App. 1989) ("Ratification, as it relates to the law of agency, means the express or implied adoption and confirmation by one person of an act or contract performed or entered into in his behalf by *another who at the time assumed to act as his agent*." (emphasis added)); *id.* (listing as elements of ratification: (1) the principal's acceptance of the benefits of the agent's acts, (2) full knowledge of the facts, and (3) circumstances or an affirmative election indicating an intention to adopt the unauthorized arrangements).

**AFFIRMED.**

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**